this morning is JB against Woodard and we will begin with you Mr. Bush. Thank you Your Honor. Edwin Bush on behalf of myself and next friend of the minor children JB and AB. I'm representing myself. I do not envy this position. There was a series of cases in this area of law that were adjudicated starting about 20 years ago and in the last five years these cases have stopped being brought. The outfit bringing these was what was acquired by another outfit. So this area of law is established but it hasn't been litigated very often. It involves the issue of Illinois DCFS safety plans. Safety plans were subject of suit in Dupuy versus Samuels in which Judge Pallmeyer in 2003 entered an injunction against this practice. The safety plan is a quote-unquote voluntary agreement by a parent to do not be with their children for a period of time during an investigation and it's been represented to these courts for years that these quote-unquote safety plans are voluntary and the plaintiffs throughout the years have consistently claimed that these agreements are not voluntary. Now this is the first case to ever become before this court involving the safety plan in which it was refused and I refused the safety plan on October 3rd 2018 and then what occurred after that was a series of retaliation and interfering in an ongoing civil domestic relations case. But Mr. Bush, am I correct though that when you did refuse it nothing happened right away you continued to have the children on that particular date? That is correct your honor and in fact there was a well-being check that occurred later in which a responding officer for the Cook County Sheriff's Department said the children are fine and and took no action so there was no dispute. Mr. Bush, if I could just clarify please I didn't see anything in your complaint that the children knew about the proposed safety plan or knew about the defendants attempt to get you to to agree to enter into the safety plan is that correct? Well actually both of the children were present in my actually right here in my living room when the conversation was occurring a few feet away from me in my kitchen so that the children were there but at the time the child was seven and the other one was three so they they really had no idea what was going on. Exhibit A of the complaint has the transcript in which JB was a part of this conversation or this incident for a period on October 3rd 2018 but but whether the children knew what what in fact was occurring I I highly dispute. I don't think that they were aware of what was occurring. So I wonder if you could summarize Mr. Bush what what concrete things happened as a result of the DCF officers versus what Yes thank you for that your honor. Well first that count three is is a procedural due process claim which in fact the act of asking for a safety plan was in fact a due process violation. Why was that a due process violation on a procedural side? Doesn't that just begin a set of procedures? Because they agreed in a federal settlement agreement in 2016 before Judge Feiderman it's called the Bietol versus Holloman et al case that they can't even ask for a safety plan without first having grounds to take protective custody because that act itself is coercive. That they're trying to get a party to coercively agree to something that the state has no legal basis. I understand you have objections to it but I'm trying to zero in on why that's particularly a procedural due process a constitutional violation perhaps you know you would go back in and seek enforcement of the settlement agreement or the consent decree but every violation of a consent decree isn't ipso facto a due process violation. Well the the I believe that when the state settled the A.B. versus Holloman complaint it was the A.B. versus Holloman complaint was on a procedural due process claim and arguing that in fact their due process rights under the and substantive due process rights were infringed by that practice in which in that case the parties agreed. Now again as the court is indicating in this case I did not agree but what they did after that is they took retaliatory steps and interjected themselves into the domestic relations case recommending that I have supervised parenting time with both of my children before they unfounded the How we could give you relief without overriding orders of the state court? Well that's that's a that's excellent question because first of all the the emergency order protection was was a temporary order it was only in effect from October 10th 2018 until November 30th 2018 and then the the what the state argued in the district court is that is that the court should abstain because there was a judgment in effect a state court judgment that was ultimately vacated by the state appellate court and and that in fact the the judgment was vacated by the state appellate court before the a month before Judge Johnson Coleman dismissed the case under Younger so so there's a claiming I'm sorry to interrupt are you claiming that your injury stemmed from the emergency order of protection and the other orders entered by the state court before the appellate court vacated those? Yes and and I'm relying on Brokaw versus Weaver number one a case from 2003 in which the alleged constitutional injury occurred before the state court judgment was entered and then also that there was no prior opportunity to raise that matter and going to state in the underlying state proceeding and and so yes that count two is a substantive due process violation the other part of the procedural due process violation is that the state didn't I just want to clarify so it's not the final judgment necessarily that was ultimately reversed and sent back on but these interim orders yes there were there were temporary orders that are no longer in and those are the ones that you're claiming violated your substantive due process rights yes and and that that is correct is that those orders that were entered on the basis and it's in the record that my ejection of the DCFS worker was the basis to enter these temporary orders and the first one is the October 10th yes that's correct and then and then it was actually continued on November 30th there was a temporary order entered that was not set for hearing it was a orders is to respond to entered by the state court judge did you want to finish your thought no no sir okay can I can I tell you how I read in essence your allegations and you can tell me whether I've interpreted them correctly or not mm-hmm if you look for example in paragraph 147 of the complaint you filed in federal court okay the very last the very last portion of that what you're effectively saying as I read it is that what what miss is it Woodard Woodward Woodard started or Woodard engaged in on October the 3rd of 2018 with requesting or insisting upon the safety plan touched off a series of events that have that then occurred over the course of eight months and in other places you say in our continuing to this date they have violated your federal your federal constitutional rights your right to procedural due process and that is actually an extraordinarily fair summary of what occurred and I'm relying on broke up versus Mercer County which was a landmark case from from this circuit issued by Judge Mannion in 2000 relied on Morris versus Dearborn which is a Fifth Circuit case from 1999 which is stated that the unwitting decisions of a state court judge does not excuse liability under 42 USC 1983 is causation doctrine okay so yes that's absolutely correct and the act the act of the state not bringing a juvenile court action the state has the authority to bring actions in juvenile court and in juvenile court I have procedural due process protections and when when the state interjected itself in the domestic relations case wrote emails to the opposing counsel and made prejudicial recommendations that there should be supervised parenting time in a counseling session you know okay ordered counseling which ended up not being admissible under the state marriage and dissolution of marriage act so I went to a counseling session to get my parenting time back and I couldn't use that session because under the marriage act that session was confidential and privileged and couldn't be used in any matter of litigation so they absolutely set off a chain of events cross their jurisdictional boundaries into a civil case in which they have no jurisdiction investigating an allegation that was two months old that originated in Wisconsin which they ultimately your time has expired all right thank you very much mr. Griffiths your honors may please the court assistant attorney general Carson Griffiths on behalf of defendants plaintiff's complaint raised three claims under section 1983 count one was a challenge to a Illinois statute section 607.6 d of the Illinois marriage and dissolution of marriage act and counts two and three raised substantive and procedural due process claims respectively I'd like to begin with counts two and three and why the district courts dismissal of those counts was proper mr. Griffiths before you do that can I ask you a question sure that may help frame this where where does everything stand today in these matters by your understanding in the state courts my understanding in the state courts the Illinois appellate court remanded for a final resolution of the parenting time issue the custody issue essentially and then there were delays in those proceedings because kovat and other issues there was an emergency order of protection filed by mr. Bush's ex-spouse and that was granted a motion for an order of emergency protection which was granted and then there was an interlocutory appeal back to the Illinois appellate court on that emergency order of protection which was affirmed and as it stands now I believe that the ultimate conclusion as the parenting time is still awaiting a decision in the domestic relations court yeah there's not there's not been there's not been a and mr. Bush's is awaiting further decision or final decision for that matter yes although I would note that because domestic relations proceedings are somewhat unique in that there's continual circuit court involvement with custody issues the original February 2019 judgment here was considered final and appealable by so that was considered a final judgment and then they said well it's a final judgment but what the appellate court should have basically it just made a mistake the appellate court or excuse me the circuit court and it should have fully decided the issue of parenting time rather than entering essentially a conditional suspension of parenting time thank you but turning back to counts two and three the district court abstained under younger and I'm happy to answer any questions about the application of younger here but I would like to focus my remarks today on the alternative basis that the almost concede but not totally that younger doesn't apply here is that a fair reading of your briefs at least substantive and procedural due process claims no your honor I don't concede that they don't apply I do concede to the extent that the district court dismissed mr. Bush's claims for damages specifically that a stay would have been more appropriate under younger and the dismissal so to that extent I do but I believe that the request for declaratory injunctive relief in both count in all three accounts there are requests for declaratory judgment in counts two and three those were properly stayed under younger because they would interfere with future domestic relations proceedings I don't want to maybe beat a dead horse if you're not really relying on it but if you are still relying on it it seems like a bad fit for younger it's not a case brought by the state it's not like judice against veil where the state is protecting its contempt powers for example there's no criminal proceeding and on and on it's a it's a private dispute between two parties now if you're going to start going into the weeds of abstention doctrines there are other abstention doctrines that address more specifically comprehensive state of regulation whether you're thinking of Burford or whether you're thinking of Colorado River but nobody's arguing anything about that in this case yes you're and I recognize it's not a perfect fit under sprint and the factors set out there I would note that this year in Kruger versus call which is cited in our brief this court did apply younger to a private and it privately initiated paternity dispute but other than that I would rest on our briefs on remaining time I have I have to say I think it may not be the best fit for the domestic relations exception either there we have the Supreme Court's Ankenbron case but this is the claim as brought by the plaintiff is a federal constitutional claim and yes it will have an indirect impact on a domestic relations case but that's it's not going to create custody it's not going to resolve you know dissolve a marriage it's not going to do anything well your honor I'd like to point you to three decisions where this court has held that the exception precludes challenges to state domestic relations orders even if they are presented under the guise of a federal constitutional claim so first the Winehouse case cited in our brief this court held that a federal due process claim premised on the notion that a custody order deprived the due process was barred by the domestic relations exception in Allen this court held that a federal federal constitutional claims for damages like mr. Bush's claim that were allegedly caused by a visitation order were barred by the domestic relations exception and in Jones which was a case involving the probate exception but which is coextensive with domestic relations exception that was a claim that a guardian provided false information to the probate judge which led the probate judge to entering an order that violated the plaintiffs due process rights very similar to what we have here today as mr. Bush recognized in his opening comments he has recognized that the state courts order are is what caused the due process violation here and as judge Scudder noted in the complaint that is what the complaint says as well I would also point out that on page 24 of plaintiffs memorandum in opposition to our motion to dismiss he expressly states that quote plaintiffs familial rights claim does not rest and defendants failed unlawful attempt to enter a safety plan so it's not defendants conduct independent of the court's order that mr. Bush is challenging here he is challenging the court's order itself and that's what sets this case firmly within the bounds of the domestic relations he also argues although he didn't just now but he spent a lot of time in his briefs arguing that actually the root cause of the problem is this Illinois statute that forbids people from using anything that was said in a counseling session their statements made in that counseling session that I won't outline but that he would like to use and and so he says well no I'm not attacking the state court order I'm attacking this statute 5 slash 607.6 D right your honor and that was dismissed by the district court correctly on the grounds that there was no standing to pursue it against mr. Smith DCFS is director and that's count one of the complaint brought only against mr. Smith and the district court correctly concluded that both mr. Bush could not establish the causation element of article 3 standing nor could he establish the address ability element because at base mr. Smith had no role in enforcing that statute DCFS was not a party to the underlying domestic relations proceedings and plaintiffs own allegations in the complaint and in their brief their statements in the brief make clear that the state court and not DCFS enforced that provision note at page 44 of their opening brief they say the state court enforced the provision not DCFS and so for one he cannot show that his injury was fairly traceable to any actions by mr. Smith or DCFS as an entity and also for that same reason he can't show that an injunction entered against DCFS would redress his injury ms. Bush and the state domestic relations court could still raise objections under 607.6 D and exclude evidence under that statute respectively in future proceedings the injunction would simply bind DCFS which again is not a party to those proceedings and I think the district court correctly relied on this court's decision in Holcomb where there was in fact a more direct connection between the Indiana officials and involved with the name change process in Indiana and a that then mr. excuse me mr. Smith's connection to section 607.6 D here and I'd also like to point out that with respect to mr. Bush's arguments that a lack of standing would deprive him of a forum in which he could challenge the statute that's incorrect he could of course challenge the application of the statute in the context of his state domestic relations proceedings you could argue on an appeal and in fact in his brief he says that he did argue on an appeal that the statute was unconstitutionally applied to him and he was deprived of a fair hearing because of his inability to introduce his son's statements so unless this court has any other questions we ask that you for those reasons and the reasons stated in our brief as well we ask that you affirm the district courts judgment all right thank you mr. Bush your time expired but I'll give you a minute to rebut your honor just briefly on the issue of younger the issue of whether younger applies to private domestic relations proceedings was I believe squarely addressed by judge Posner and link versus LaPorte superior for number two 1986 I included that citation in both my opening and reply brief the reference to Krueger versus call mr. Griffith completely misrepresents that holding in which this was the first time that I'm aware of that this court cited sprint in holding that younger does not apply to in that case a paternity case so so the unpublished Krueger versus call case from 2000 supports supports this in the Winehouse case that was a in that case there was an order entered that barred a Missouri resident from having parenting time with his children in Illinois and he sought to change the custody order and so that's why the domestic relations exception was held to apply in that case it's distinguishable from this case and again there's no thank you your honor all right thank you very much thanks to both counsel we'll take the case under advisement